# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs July 9, 2013

## SHANNON V. JONES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 8503     Joseph H. Walker, III, Judge**

---

**No. W2012-02167-CCA-R3-PC  - Filed August 26, 2013**

---

Petitioner, Shannon V. Jones, was convicted by a Lauderdale County jury of one count of facilitation of delivery of a Schedule II controlled substance weighing less than .5 grams and delivery of a counterfeit controlled substance.  As a result, he was sentenced as a career offender to twelve years for the facilitation conviction and six years for the delivery of the counterfeit controlled substance conviction.  The sentences were ordered to be served concurrently.  Petitioner appealed his convictions.  *See State v. Shannon Jones*, No. W2009-01706-CCA-R3-CD, 2010 WL 3619537, at *1 (Tenn. Crim. App., at Jackson, Sept. 17, 2010), *perm. app. denied*, (Tenn. Feb. 16, 2011).  His convictions were affirmed on appeal. *Id.*  Subsequently, Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel.  After a hearing, the post-conviction court denied relief.  Petitioner filed a timely notice of appeal.  After a thorough review of the record and applicable authorities, we affirm the judgment of the post-conviction court because Petitioner has failed to demonstrate that the record preponderates against the post-conviction court's findings.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

George D. Norton, Jr., Selmer, Tennessee, for the appellant, Shannon V. Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Michael Dunavant, District Attorney General, and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was indicted by a Lauderdale County Grand Jury for delivery of a Schedule II controlled substance weighing less than .5 grams and delivery of a counterfeit controlled substance. The proof at trial showed that Petitioner was involved in two separate undercover drug purchases in October and November of 2008. *See Shannon Jones*, 2010 WL 3619537, at \*1.

For the first purchase, a motel was targeted based on complaints of drug activity. Several officers worked with two confidential informants as part of the operation. The informants were given money and equipped with audio and video equipment. They went to the motel, where they were to meet a woman named Lola but instead met Petitioner at his car. They informed Petitioner that they were looking for cocaine. An exchange took place that was not visible to the officers monitoring the video and audio equipment. When the confidential informants returned to their meeting place they produced a substance that field tested positively for cocaine and weighed .2 grams. *Id.*

For the second purchase, the same confidential informants were utilized. This time, the exchange took place near a cemetery. *Id.* at \*2. During this purchase, the informants were again wired with audio and video equipment. The officers assisting the purchase were

able to view the transaction from a distance. They were not close enough to see the purchase but one of the officers drove by after the purchase and was clearly able to identify Petitioner. *Id.* The confidential informants rendezvoused with the officers and provided them with the pills that they received from Petitioner. The pills were discovered to be counterfeit but were similar in size, color, and shape to esctasy. The money used during the transactions was not marked and not recovered. *Id.* at *3.

Both informants identified Petitioner at trial. *Id.* at *4. The officers were unable to definitively state that they had witnessed an exchange between Petitioner and the confidential informants. *Id.* at *3-4.

Petitioner testified at trial that he was at a birthday party and took someone named Terry to purchase beer. They went to Petitioner's hotel room to use the bathroom and got ready to leave when a woman flagged them down. The woman was looking for someone named Lola and asked for drugs. According to Petitioner, Terry sold the woman the drugs, and he merely handed them to the woman. Petitioner denied that any money was exchanged and totally denied being involved in the second transaction. *Id.* at *4.

At the conclusion of the trial, Petitioner was convicted of the lesser included offense of facilitation of delivery of a Schedule II controlled substance weighing less than .5 grams

and delivery of a counterfeit controlled substance. *Id.* at *5. He received an effective sentence of twelve years. *Id.* at *1.

Petitioner appealed, claiming that the evidence was insufficient to support the convictions. *Id.* at *5. This Court determined that the evidence was sufficient to support the convictions. *Id.* at *6. Petitioner appealed to the supreme court, which denied permission to appeal on February 16, 2011.

Petitioner filed a timely pro se petition for post-conviction relief on the basis of ineffective assistance of counsel. Specifically, Petitioner alleged that counsel failed to: (1) properly prepare for trial; (2) adequately communicate with Petitioner prior to trial; (3) prepare for the sentencing hearing; (4) challenge the application of enhancement factors to Petitioner's sentence; (5) seek application of mitigating factors at sentencing; and (6) file an adequate motion for new trial. The post-conviction court appointed counsel for Petitioner and an amended petition was filed. In the amended petition,[1] Petitioner alleged that counsel was ineffective for: (1) failing to spend adequate time with Petitioner in preparation for the case; (2) failing to properly consult with Petitioner by interviewing important witnesses; (3)

---

[1] The amended petition appears in the technical record submitted to this Court on appeal. However, the record contains only pages one and five of the amended petition for relief. Neither the State nor Petitioner notes the absence of the three pages from the amended petition. This Court ordered the trial court to supplement the record with the missing pages of the amended petition.

failing to adequately discuss discovery with Petitioner; (4) failing to properly investigate the facts and circumstances of the case; and (5) failing to file a motion to remove the prosecutor.

The post-conviction court held a hearing on the petition for relief. At the hearing, trial counsel testified that she had been practicing criminal law for twenty-one years. According to her notes and memory, she met with Petitioner four times prior to trial. At one of those meetings she was joined by another attorney.

Trial counsel recalled that the evidence included video tape and audio tape of the transactions in question. She investigated the confidential informants both prior to trial and on the morning of trial and found nothing in their records that could be used to undermine their credibility. Trial counsel noted that because the transactions were videotaped, there was little she could do to impeach the testimony of the informants at trial. Trial counsel recalled discussing a possible witness with Petitioner. She thought that this person may have been the other person in the car with Petitioner. She was not able to locate this person prior to trial.

Trial counsel recalled that the State offered several plea deals prior to trial. She encouraged Petitioner to take the offers because he was a repeat offender, was on parole when the offenses were committed, and the evidence against him was strong. Trial counsel

explained to Petitioner that he would likely get convicted of delivery or facilitation if he went to trial.

Trial counsel admitted that she did not file a motion to recuse the district attorney even after she learned that the district attorney had once previously represented Petitioner in a criminal matter. Trial counsel considered the circumstances and made a determination that the district attorney probably did not have any privileged information about Petitioner. Therefore, she chose not to seek recusal.

Petitioner took the stand at the hearing. He claimed that he only talked to trial counsel twice and trial counsel's associate twice. Petitioner testified that trial counsel showed him the video but did not explain the defense that would be advanced at trial, explain the lesser included offense of facilitation, or tell him that the confidential informants were likely to testify at trial.

Petitioner claimed that he gave trial counsel the names of witnesses to call, including the person whom he claimed was driving the car on the day of the incident. Petitioner stated that trial counsel waited until the day of the trial to check the informants prior arrests or records. Petitioner, however, admitted that he was the person who appeared in the video tape. Petitioner claimed that he was guilty of casual exchange because no money was

-6-

exchanged. Petitioner claimed that his testimony alone resulted in the lesser included offense conviction and that trial counsel made no contributions whatsoever on his case.

Petitioner admitted that he was offered four different plea offers from the State but turned them all down because he was not guilty and wanted to go to trial. Petitioner admitted that he had a prior arrest history and familiarity with the justice system. Petitioner complained that trial counsel did not seek recusal of the assistant district attorney from the case, and he thought that trial counsel should have done so because of the attorney's past representation of Petitioner.

At the conclusion of the hearing, the post-conviction court denied relief and dismissed the petition. The post-conviction court concluded that there was no proof that trial counsel failed to investigate the case. To the contrary, the post-conviction court found that trial counsel met with Petitioner and discussed both the case and four different offers from the State, including allowing Petitioner to view the video and examine other discovery materials. Further, Petitioner was not convicted of the indicted offense but rather a lesser included offense and the testimony of trial counsel established that the witnesses for the State were investigated prior to trial. The post-conviction court noted that Petitioner's complaint with his sentence and conviction stemmed more from the fact that the jury rejected his testimony at trial rather than an actual deficiency by trial counsel.

The post-conviction court also noted that the evidence did not show that trial counsel should have moved to recuse the assistant district attorney from the case as Petitioner failed to show how the prior representation of Petitioner benefitted the State in any way.

In conclusion, the post-conviction court stated that Petitioner failed to prove the factual allegations in the petition by clear and convincing evidence. Moreover, Petitioner failed to show that the services rendered by trial counsel were deficient and that the deficient performance was prejudicial. Additionally, Petitioner failed to show that there was a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

Petitioner filed a timely notice of appeal.

*Analysis*

*Post-conviction Standard of Review*

On appeal, Petitioner insists that the post-conviction court improperly denied relief and dismissed the petition. Specifically, he argues that trial counsel was ineffective because counsel "did not have productive meetings with him, explain the nature of the charges against him, explain and raise possible valid defenses, . . . [and did not] review the evidence in a

meaningful way." Petitioner explains that trial counsel only met with him twice, did not discuss defenses, did not recuse the assistant district attorney, and did not thoroughly investigate the confidential informants.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial

counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner herein alleges that trial counsel was generally ineffective by not meeting with him an adequate number of times prior to trial and by not preparing a defense or properly investigating the confidential informants. Trial counsel testified that she met with Petitioner four times prior to trial, investigated the background of the State's primary witnesses, shared discovery with Petitioner, and informed Petitioner of the State's plea offers. Petitioner admitted that he saw the video tape of the drug purchases prior to trial and refused the plea offers because he did not think that he was guilty of the crimes and did not think the confidential informants would testify at trial. After hearing the testimony at the post-conviction hearing, the post-conviction court accredited the testimony of trial counsel. The post-conviction court concluded that Petitioner was merely unhappy with the outcome of his case after trial. The evidence does not preponderate against the determination of the post-conviction court.

Next, Petitioner insists that trial counsel was ineffective for failing to seek recusal of the assistant district attorney who previously represented Petitioner in a criminal matter. Trial counsel testified at the hearing that she did not think that the district attorney would have any privileged information about Petitioner that would warrant seeking recusal. The post-conviction court accredited counsel's testimony that the prosecutor had no privileged information about Petitioner and merely had access to what would be considered public information. Petitioner complains that at trial the prosecutor asked him whether he used drugs and that this information was disclosed to the prosecutor in the past during Petitioner's representation. Petitioner insists that this question somehow damaged his credibility with the jury. To the contrary, as noted by the post-conviction court, the jury must have in some way accredited Petitioner's testimony that he was merely handing the drugs to the confidential informant as he was convicted of the lesser included offense of facilitation rather than the charged offense of delivery of a controlled substance. Again, the evidence does not preponderate against the judgment of the post-conviction court. Further, Petitioner has failed to show that trial counsel's performance was deficient and that he was prejudiced by such performance. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

-12-

_____

JERRY L. SMITH, JUDGE